REPLACES  DM 362

Office of the Attorney General
State of Texas

DAN MORALES
ATTORNEY GENERAL

February 23, 1996

Mr. Mike Moses
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-378

Re: Construction of the term "school bus" for purposes of Senate Bill 1, Act of May 27, 1995, 74th Leg., R.S., ch. 260, 1995 Tex. Sess. Law Serv. 2207 and related questions (RQ-846)

Dear Commissioner Moses:

You have asked this office to examine certain questions concerning standards for transporting school children in the light of Senate Bill 1, and in particular in light of section 34.003 of the Education Code enacted therein.[1] *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Sess. Law Serv. 2207, 2351. You are especially interested in whether, for the purposes of section 34.003, a motor vehicle being used to transport fewer than ten students may be considered a "passenger car" even if such a vehicle has a seating capacity greater than that of a "passenger car" as defined by section 541.201 of the Transportation Code. You further wish to know whether a vehicle owned by a private person, such as a teacher or parent, is subject to the same safety requirements and driver qualification requirements as a school bus when such a vehicle is being used to transport fewer than ten students to and from school or school activities.

The general definition of a school bus is now provided by section 541.201(15) of the Transportation Code, which provides:

"School bus" means a motor vehicle, other than a bus used in an urban area by a common carrier to transport schoolchildren, that:

(A) is being used to transport children to or from a school or school-related activity; and

(B) complies with the color and identification requirements provided in the most recent edition of standards produced and sponsored by the National Education Association's National Commission on Safety Education.

---

[1]On August 31, 1995, you withdrew your predecessor's prior opinion request on related questions, which was styled by this office RQ-781.

Section 34.003 of the Education Code, enacted as part of Senate Bill 1, provides that "school buses" will be used to transport students on bus routes with ten or more students, while "passenger cars" may be used on routes with fewer than ten students. Educ. Code § 34.003(a). It further provides that, with respect to transporting students in connection with extracurricular activities, ten or more students may only be transported in school buses, buses chartered from motor bus companies, or district-owned buses which meet the safety standards for vehicles owned by motor bus companies, while fewer than ten students may be transported in passenger cars. *Id.* When students are transported in passenger cars, the section provides that the operator must ensure that the number of passengers does not exceed the vehicle's design capacity and that all passengers are wearing safety belts. *Id.* § 34.003(c).

Section 34.003 was offered as a floor amendment to Senate Bill 1 on March 27, 1995, by Senator Bivins, who said in introducing it, "This amendment makes it clear that school districts can charter buses and that they also may use passenger vehicles to transport ten or fewer students on regular school bus routes, if those passenger . . . [vehicles] are equipped with seat belts and are capable of carrying the proper number of people--number of children in that vehicle." Debate on S.B. 1 on the Floor of the Senate, 74th Leg., R.S. (Mar. 27, 1995) (transcript available from Senate Staff Services).

As you know, this office has previously held that the portion of the statutory definition of "school bus" in the predecessor to section 541.201(15) of the Transportation Code was unconstitutional to the extent it referred to standards set by the National Education Association.[2] That decision was based on our interpretation of *Dudding v. Automatic Gas Co.*, 193 S.W.2d 517 (Tex. 1946). This office has consistently read *Dudding* to stand for the proposition that a statute that prospectively adopts the future rules of an unofficial agency thereby delegates legislative authority in a manner that violates article III, section 1 of the Texas Constitution. Most recently, in Attorney General Opinion DM-159, this office concluded that a provision of the Health and Safety Code that required outdoor shooting ranges to adhere to standards "at least as stringent as the standards printed in the National Rifle Association range manual" without reference to a particular edition of the manual violated article III, section 1. Attorney General Opinion DM-159 (1992) at 1. The definition here is not legally distinguishable from the standard at issue in Attorney General Opinion DM-159, and therefore also improperly delegates legislative authority. *Id.*

This decision would excise from the statutory definition what is now section 541.201(15)(B), leaving as the definition section 541.201(15)(A). As a general matter, we remain persuaded that that is a proper interpretation, and that for all purposes save the

---

[2]Former Attorney General Opinion DM-362 (1995) was withdrawn September 8, 1995.

concerns of section 34.003 of the Education Code, the definition of "school bus" is that contained in section 541.201(15)(A) of the Transportation Code. However, we are persuaded by the remarks of its sponsor in introducing section 34.003 of the Education Code that the intent of that legislation was to exempt passenger cars from the safety standards and driver qualifications governing school buses to the limited extent that such vehicles were being used to transport fewer than ten students to or from school or extracurricular activities, and to permit the use of buses (whether chartered from motor bus companies or owned by school districts) which meet the standards for motor buses set down in sections 5.201 through 5.249 of title 16 of the Texas Administrative Code to transport children to and from extracurricular activities.[3]  We further conclude that passenger cars owned by private persons such as parents or teachers are not subject to school bus safety standards, nor do we believe that such persons are "school bus drivers" subject to licensure.[4]

You further ask "whether a motor vehicle with a seating capacity greater than that of a passenger car as defined by Section 541.201, Transportation Code, may be used under Section 34.003, Education Code, to transport less than ten students." We think the question as framed may suggest some confusion as to the state of the law. Section 541.201(15)(A), which defines "school bus," says that a vehicle "being used to transport children to or from a school or school-related activity" is a school bus. Transp. Code § 541.201. That is to say, any such vehicle must comply with the requirements of sections 547.607 and 547.701(a) of the Transportation Code, which respectively require school buses to be equipped with a fire extinguisher and a convex mirror and signal lamps, unless it is exempted from such requirements by section 34.003 of the Education Code. Further, any person driving such a vehicle, unless the vehicle is exempt, must have a school bus

---

[3]The standards for motor buses were originally promulgated by the Transportation Division of the Texas Railroad Commission pursuant to article 911a, V.T.C.S. Article 911a was repealed by Act of May 24, 1995, 74th Leg., R.S., ch. 705, § 31(a)(3), 1995 Tex. Sess. Law Serv. 3719, 3740. However, chapter 705, section 32(b) provides that "[a] rule adopted by the Railroad Commission of Texas under a law repealed by Section 31 of this Act before the effective date of this Act that is not inconsistent with this Act remains in effect as a rule of the Texas Department of Transportation or the Department of Public Safety until superseded by a rule adopted by the appropriate department." Id. § 32(b), at 3740. Section 3 of chapter 705 adds article 6675d, V.T.C.S., which provides that the public safety director has rule-making authority over "the safe operation of commercial motor vehicles." Id. § 3, at 3729. Accordingly, unless and until superseded by rules adopted by the Department of Public Safety sections 5.201 through 5.249 of title 16 of the Texas Administrative Code remain in full force and effect.

[4]Your query assumes that a school district is authorized to transport students in privately owned vehicles operated by parents or teachers. We find nothing in the Education Code that permits or prohibits a school district from doing so, but we believe such authority may be implied. We caution that nothing in this opinion, or in section 34.003 of the Education Code, speaks to the standard of care to be exercised by drivers of privately owned vehicles. Hence, nothing suggests that such drivers are held to any lower standard of care than ordinary drivers of passenger vehicles. Further, we do not consider whether courts would consider such drivers agents of an independent school district for purposes of liability. On such issues, school boards should consult their legal counsel.

driver's license, the requirements for which--that the holder be at least eighteen years of age, be enrolled in or have completed a driver training course in school bus safety, have undergone an annual physical examination and a pre-employment driver's license check by the Department of Public Safety--are mandated by section 521.022 of the Transportation Code. A vehicle of the sort you describe may be used to transport school children. However, unless it is a passenger car or a bus transporting students to or from extracurricular activities which meets the motor bus standards of sections 5.201 through 5.249 of title 16 of the Texas Administrative Code and therefore subject to the exceptions of section 34.003 of the Education Code, such a vehicle must be considered a "school bus"; it must therefore have the requisite mirror, fire extinguisher, and signal lamp, and must be driven by a licensed school bus driver.

We do not intend to suggest that the only vehicles which may be used to transport school children to school or extra-curricular activities are "school buses" as popularly understood--that is, the familiar big yellow school buses. However, if a vehicle being used for this purpose is not a "passenger car" or "motor bus" within the terms of the exceptions, we reiterate that it must meet the safety standards and operator licensing requirements outlined above.

The school bus standards we have discussed are statutory. We note in addition that certain agencies also have regulatory authority in this area. Thus, section 34.002(a) of the Education Code provides that "[t]he General Services Commission, with the advice of the Department of Public Safety, shall establish safety standards for school motor vehicles." Further, the Department of Public Safety pursuant to Transportation Code section 547.101 has power to adopt standards for vehicle equipment to protect the public and enforce United States safety standards, and pursuant to section 547.102 has power to adopt supplementary standards for school bus lighting and warning device equipment.

"Passenger car" is defined by section 541.201(12) of the Transportation Code as "a motor vehicle, other than a motorcycle, used to transport persons and designed to accommodate 10 or fewer passengers." Transp. Code § 541.201(12). The definition, we note, stresses the number of passengers the vehicle is designed to carry, rather than the number it may actually carry. Accordingly, we read Education Code section 34.003's "passenger car" exception as limited to vehicles designed to carry ten or fewer passengers, which may however under the Education Code be used only to transport fewer than ten passengers. This reading includes such vehicles as Suburbans, for example, which transport nine passengers, within the exception. Fifteen passenger vans, on the other hand, are not excepted by the "passenger car" language of section 34.003. While, as we have said, such vehicles may be used to transport students to school, they must for that purpose meet the safety standards and licensure requirements for school buses. If they are transporting ten or more students to or from extracurricular activities, they must meet the motor bus standards of sections 5.201 through 5.249 of title 16 of the Texas Administrative Code.

## S U M M A R Y

Under section 34.003 of the Education Code, school districts may permit the transportation of fewer than ten students to and from school and extracurricular activities in passenger vehicles which are not subject to the same safety standards and driver qualifications as "school buses" as defined by section 541.201(15)(A) of the Transportation Code, so long as such passenger vehicles do not carry more passengers than their design capacity permits and the operator ensures that all passengers are wearing safety belts. This "passenger car" exception does not apply to vehicles with a larger design capacity than that of "passenger cars" as defined by section 541.201(12) of the Transportation Code. In addition, schools may transport ten or more students to and from extracurricular activities in school buses or buses either chartered from motor bus companies or owned by the school district which meet the motor bus standards of sections 5.201 through 5.249 of title 16 of the Texas Administrative Code. Operators of private passenger vehicles such as parents or teachers are not subject to school bus safety standards or licensure requirements when transporting fewer than ten students to or from school or extracurricular activities in such a passenger vehicle.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General